## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**LARRY HARTPENCE,** *owner of*          :
*Hartpence Farms*,
                                         :

      **Plaintiff**          :          **CIVIL ACTION NO. 3:13-0626**

                                         :

      **v.**          :

                                         :          **(JUDGE MANNION)**

**MADISON TOWNSHIP,** *et al.,*

                                         :

      **Defendants**          :

## <u>MEMORANDUM</u>

Pending before the court is a motion to dismiss the plaintiff's complaint filed on behalf of defendants James Damski and Building Underwriters of Pennsylvania, Inc., (Doc. No. 2), and a motion to dismiss the plaintiff's complaint filed on behalf of defendants Madison Township, Madison Township Supervisors, Andy Nazarenko, Charles Frey, Philip Setzer and Howard Stevens, (Doc. No. 4). Based upon the court's review of the motions and related materials, the motions will be granted.

By way of relevant background, on July 23, 2012, the plaintiff filed the instant action in the Court of Common Pleas of Lackawanna County. An amended complaint was filed on February 11, 2013. On March 8, 2013, the defendants removed the action to this court on the basis that the plaintiff's amended complaint alleges violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. §1983. (Doc. No. 1).

On March 15, 2013, a motion to dismiss the plaintiff's amended complaint was filed on behalf of defendants James Damski and Building

Underwriters of Pennsylvania, Inc. (Doc. No. 2). A brief in support of the
motion was filed on March 29, 2013. (Doc. No. 9). On April 22, 2013, the
plaintiff filed a brief in opposition to the motion to dismiss. (Doc. No. 15). A
reply brief was filed on May 6, 2013. (Doc. No. 17).

In the meantime, a motion to dismiss the plaintiff's amended complaint
was also filed on March 15, 2013, on behalf of defendants Madison Township,
Madison Township Supervisors, Andy Nazarenko, Charles Frey, Philip Setzer
and Howard Stevens. (Doc. No. 4). A brief in support of the motion was filed
on March 29, 2013. (Doc. No. 10). On April 22, 2013, the plaintiff filed a brief
in opposition to this second motion to dismiss. (Doc. No. 16). A reply brief was
filed on May 6, 2013. (Doc. No. 18).

The defendants' motions to dismiss are brought pursuant to the
provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a
complaint, in whole or in part, if the plaintiff fails to state a claim upon which
relief can be granted. The moving party bears the burden of showing that no
claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir.
2005), and dismissal is appropriate only if, accepting all of the facts alleged
in the complaint as true, the plaintiff has failed to plead "enough facts to state
a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts"
language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts
alleged must be sufficient to "raise a right to relief above the speculative

level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

The following allegations are taken from the plaintiff's complaint and are taken as true for purposes of the instant motions to dismiss. The plaintiff owns property in Madison Township, Lackawanna County, Pennsylvania. In January of 2008, the plaintiff filed an Application for Code Exempt Building Permit with the Township for a building he intended to construct on his property. Pursuant to Township Ordinance 2004-1, the plaintiff was required to file the application despite its apparent contradiction with Section 104(b)(4) of the Pennsylvania Construction Code Act, 35 P.S. §7210.104(b)(4)[1].

Upon receiving the application, defendant Howard Stevens, Madison Township Permit Officer, provided the plaintiff a handwritten document which he referred to as an affidavit and demanded that it be formalized and executed by the plaintiff prior to an Agricultural Exemption being granted. The document required that the plaintiff allow Township representatives to inspect

---

[1]Title 35 P.S. §7210.104(b)(4) provides that the Construction Code Act shall not apply to any agricultural building.

the property without notice. Ultimately, the plaintiff's application was denied and signed by defendant Stevens.

Prior to the plaintiff's review and execution of the affidavit, an order to show cause dated January 16, 2008, was issued to the plaintiff demanding that he show cause in writing, within 30 days, why his building should not be closed or vacated for violations of the Uniform Construction Code, ("UCC").

During a Supervisors meeting held on an undisclosed date, the solicitor from Madison Township openly declared that the Township would not rest until the plaintiff's barn was torn down to the ground.

On February 12, 2008, the plaintiff provided a written answer to the order to show cause declaring that the building was used exclusively for agricultural purposes and as such was exempt under the UCC. In response, defendant James Damski, Madison Township Building Code Official, claimed, without explanation, that the plaintiff's response to the show cause order was not sufficient, that the building was not exempt under the UCC, and an order to vacate would be issued. An order to vacate issued on February 27, 2008.

On or about March 11, 2008, H. Clark Connor, Solicitor to the Township, "indicated in correspondence to [the plaintiff] that, contrary to the original denial by Howard Stevens, the determination had been made that the building was not exempt and that [the plaintiff] should take an appeal, however, the

appeal period had already run.[2]" (Amended Complaint, ¶19).

On March 20, 2008, a complaint was filed against the plaintiff before Pennsylvania District Magisterial Judge John Mercuri for his failure to obtain a permit. The plaintiff was initially convicted[3]; however, the conviction was later overturned by the Superior Court in Commonwealth v. Hartpence, Docket No. 1143 MDA 2009. In overturning the plaintiff's conviction, the

---

[2]Upon review of the March 11, 2008, correspondence, which is attached as an exhibit to the plaintiff's amended complaint, Mr. Connor clarified that Madison Township Building Permit Ordinance, Ordinance 2001-1, remained in full force and effect and that Section III-A of the ordinance mandates that the construction of any building or structure may not be undertaken until a building permit is issued by the Township. (Doc. No. 1, Amended Complaint, Ex. G). Mr. Connor indicated that there is no exemption in the ordinance regarding the construction of buildings involved in agricultural businesses, and that the plaintiff was in violation of the ordinance as a result of beginning construction of the building without a permit.

Mr. Connor indicated that there was an exemption contained in the building code regarding the construction of buildings dedicated to agricultural uses; however, in response to the building permit application that the plaintiff had filed after he started construction of the building, Mr. Connor noted that Township officials determined that the building did not qualify for the exemption, and that the construction of the building was subject to the provisions of the state building code. Consequently, Mr. Connor noted that the plaintiff's application was denied and a stop work order issued.

Mr. Connor informed the plaintiff of his right to appeal the denial of the permit by requesting, in writing, a hearing before the Madison Township Building Hearing Board of Appeals.

[3]The Court of Common Pleas docket reflects that the plaintiff was found guilty of building without a permit both at the lower court level and after a summary appeal trial. See Commonwealth v. Hartpence, CP-35-SA-0000088-2008.

Superior Court stated:

> We conclude that the trial court committed an error of law in
> finding Hartpence in violation of 34 Pa.Code §403.42, as the
> purpose for which the building was intended, i.e. the storage of
> hay, sawgrass and shredded paper products for animal bedding,
> falls under the agricultural exception contained in section
> 403.42(c).

A copy of the Superior Court decision was provided to the Township Solicitor on November 21, 2011. In addition, a request was made that the application for the building subject to the decision and another application for exemption on another building similarly situated on the plaintiff's property both be granted. Notwithstanding the decision of the Superior Court, the Township refused to approve the plaintiff's applications.

Plaintiff also alleges that defendants' refusal to grant the plaintiff's exemptions is in marked contrast to their treatment of other similar residents during this time frame. Prior to the refusal of the Township to grant the plaintiff's exemption, it had on at least two occasions granted exemptions to Township residents without the support of affidavits. Additionally, exemptions were provided to at least six Township residents after an affidavit was provided to the Township. These affidavits were substantially different than the one the Township would have required of the plaintiff and did not require that the property owners allow unannounced inspection of their properties. Many of the individuals who received exemptions did not provide the Township with an application as was required of the plaintiff.

Based upon the foregoing allegations, the plaintiff brings a state law claim of malicious prosecution against the individual defendants Howard Stevens, Charles Frey, Andy Nazarenko, Philip Setzer, and James Damski, as well as against defendant Building Inspection Underwriters of Pennsylvania, Inc., ("Count I"). The plaintiff also brings a §1983 Fourteenth Amendment claim against the individual defendants Howard Stevens, Charles Frey, Andy Nazarenko, Philip Setzer and James Damski, as well as against defendant Building Inspection Underwriters of Pennsylvania, Inc., ("Count II"). Finally, the plaintiff brings §1983 Fourth and Fourteenth Amendment claims against the defendant Madison Township, ("Count III").

In light of the allegations set forth in his complaint, the plaintiff is seeking damages in the form of lost profits for the entire duration plaintiff's use was deprived by defendants' actions, as well as punitive damages.

In their motion to dismiss the plaintiff's amended complaint, defendants Damski and Building Inspection Underwriters of Pennsylvania, Inc., argue that Count I fails to state a cause of action for malicious prosecution given that the plaintiff was convicted of the violations of the Pennsylvania Construction Code Act, 35 P.S. §7210.101, et seq.

To state a claim for malicious prosecution under Pennsylvania law[4], a

---

[4]Although plaintiff argues in his opposing brief that his conviction does not conclusively establish probable cause in a §1983 action, this is not the cause of action which he has alleged in his amended complaint. Although the
(continued...)

plaintiff must allege that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Zlomsowitch v. E. Penn Twp., 2012 WL 1569633 (M.D. Pa. May 3, 2012) (citing Kelly v. Gen'l Teamsters, Local Union 249, 518 Pa. 517, 544 A.2d 940, 941 (Pa. 1988)). Generally, "[t]he conviction of the accused by a magistrate or trial court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means." Id. (citing Restatement (Second) of Torts §667 (1977); McGriff v. Vidovich, 699 A.2d 797, 800 (Pa.Commw.Ct.1997) ("[U]nder the present state of Pennsylvania law, probable cause is conclusively established to exist at the time the arrest was made when there is a guilty plea or conviction."). See also Becker v. Godboldte, 2011 WL 2015213 (M.D. Pa. May 24, 2011) ("a conviction, upon examination by a judicial officer, conclusively establishes the existence of probable cause, regardless of whether the conviction is subsequently reversed on appeal.")

---

[4](...continued)
plaintiff specifically cites §1983 in Counts II and III of his complaint, he does not do so in Count I. In fact, in Count I, the plaintiff specifically cites to Pennsylvania state law. Moreover, the elements alleged in the amended complaint are consistent with that of a Pennsylvania state law malicious prosecution claim, not a §1983 claim. Therefore, the court does not construe the plaintiff's complaint as alleging a malicious prosecution claim pursuant to §1983.

(citations omitted). The plaintiff in the instant action does not allege that his conviction was obtained by fraud, perjury or corruption; therefore, the conviction establishes the existence of probable cause for the purpose of making a claim for malicious prosecution under Pennsylvania law. As such, the motion to dismiss Count I of the plaintiff's amended complaint filed on behalf of defendants Damski and Building Inspection Underwriters of Pennsylvania, Inc., will be granted.

These defendants next argue that Count II of the plaintiff's amended complaint fails to state a violation of §1983 in that the events described therein occurred more than two years prior to the filing of the complaint.

Section 1983 claims are governed by the relevant state's statute of limitations for personal injury actions. See Hall v. City of Philadelphia, 828 F.Supp. 365 (E.D.Pa.1993) (citing Wilson v. Garcia, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254(1985)); see also Kirk v. Varano, 2013 WL 2285235 (M.D.Pa. May 23, 2013) (non-precedential). Therefore, Pennsylvania's two-year statute of limitations for personal injury claims is applied here. See Hall, 828 F.Supp. at 367(citing 42 Pa.C.S.A. §5524(2)). When state law controls the period of limitations, federal law determines when a cause of action accrues and the statute begins to run. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989) (citing Antonioli v. Lehigh Coal and Navigation Company, 451 F.2d 1171, 1175 (3d Cir. 1971) *cert. denied*, 406 U.S. 906, 92 S.Ct. 1608, 31 L.Ed.2d 816 (1972)). Under federal law, a

cause of action accrues, and the statute of limitations begins to run, upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong. See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 287 (3d Cir. 2003) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994); Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982), *abrogated on other grounds by* Klehr v. A.O. Smith Corp., 521 U.S. 179, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997). An individual must either actually be aware of the existence and source of the injury, or merely should have been aware of the injury. See Oshiver, 38 F.3d at 1386.

Here, the plaintiff alleges in Count II that the defendants violated his Fourteenth Amendment rights ". . . in their rejection of the Plaintiff's application and in their initiation of the criminal charges against Plaintiff . . ." These incidents occurred in 2008 and 2009. The plaintiff filed his initial complaint on July 23, 2012, well outside of the two-year statute of limitations. Therefore, the court finds that Count II of the plaintiff's amended complaint is barred by the applicable statute of limitations and the defendants' motion to dismiss Count II will be granted on this basis.

With respect to the second motion to dismiss, defendants Howard Stevens, Charles Frey, Andy Nazarenko and Philip Setzer also argue that Count I of the plaintiff's complaint should be dismissed on the basis that the plaintiff's convictions establish probable cause which defeats his claim of malicious prosecution even if the convictions were later overturned. For the

reasons set forth above, the foregoing defendants' motion to dismiss will be granted as to this claim.

The foregoing individual defendants, as well as defendant Madison Township, also argue that the plaintiff's §1983 claims are barred by the applicable statute of limitations. Again, for the reasons set forth above, the court finds that the plaintiff's §1983 claims are barred by the applicable statute of limitations. As such, Count II of the plaintiff's complaint will also be dismissed as to defendants Howard Stevens, Charles Frey, Andy Nazarenko and Philip Setzer, and Count III of the plaintiff's amended complaint will be dismissed as to Madison Township.

Considering the above, the plaintiff's amended complaint will be dismissed in its entirety. Moreover, because the court finds that any amendment would be futile, such dismissal will be with prejudice.

On the basis of the foregoing, an appropriate order shall issue[5].

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date:  February 24, 2014

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0626-01.wpd

---

[5]The court notes that the moving defendants raise additional arguments for the dismissal of the claims set forth in the plaintiff's amended complaint. Because the court finds the above sufficient to dispose of the claims raised in the plaintiff's amended complaint, the additional arguments need not be addressed herein.

12